IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JANICE FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-2738-JDT-cgc |
| | ) | |
| STATE OF TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING ENTRY OF JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND
NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On September 19, 2014, Plaintiff Janice Franklin, Tennessee Department of Correction prisoner number 432558, an inmate at the Tennessee Prison for Women in Nashville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Tennessee, accompanied by a motion seeking leave to proceed *in forma pauperis* and a motion for the appointment of counsel. (ECF Nos. 1, 2 & 3.) In an order issued on September 18, 2014, United States District Judge Kevin H. Sharp granted leave to proceed *in forma pauperis*, assessed the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b), dismissed certain parties, denied the motion for appointment of counsel without prejudice and transferred the case to this district, where venue is proper. (ECF No. 5.) The case was docketed in this district on September 19, 2014. (ECF No. 7.)

On September 29, 2014, Plaintiff filed an amended complaint and a second motion to appoint counsel. (ECF No. 9 & 10.)

On January 22, 2015, the Court denied the motion to appoint counsel and dismissed the complaint for failure to state a claim; however, the Court granted leave to file a second amended complaint against Defendants in their individual capacities addressing the medical treatment Plaintiff was provided at the Mark Luttrell Correctional Center or any retaliation she experienced for exercising her First Amendments rights. (ECF No. 12.) Plaintiff was instructed that any amended complaint must be filed within twenty-eight days and that, should she fail to file an amendment within the time specified, the Court would assess a "strike" pursuant to 28 U.S.C. § 1915(g) and enter judgment. (*Id.* at 20).

Plaintiff has not filed a second amended complaint, and the time within which to do so has expired. Therefore, judgment will be entered in accordance with the January 22, 2015, order of dismissal.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis."

If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if she wishes to take advantage of the installment procedures for paying the appellate filing fee, she must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in*

3

*forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of her cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 733 F.3d 175, 177-78 (6th Cir. 2013), *cert. granted,* 135 S. Ct. 43 (2014) (Nos. 13-1333, 13A985).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE